IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME L. GRIMES | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-17-1480 |
| MRS. ENGRAM | * | |
| ANTOINETTE WALLS | | |
| JANE DOE | * | |
| RONALD DOE | | |
| OFFICER ROMAN | * | |
| SHERIFF OFFICER LOPEZ | | |
| KAREN PEREZ | * | |
| Defendants. | * | |

\*\*\*\*\*

**MEMORANDUM OPINION**

On April 10, 2017, the above-captioned complaint and motion to proceed *in forma pauperis* were filed by Jerome L. Grimes in the United States District Court for the Western District of Louisiana. ECF Nos. 1 & 2. As Grimes' claims involved alleged due process violations that occurred in Maryland, on May 30, 2017, the case was transferred pursuant to 28 U.S.C. § 1406 to this district by United States Magistrate Judge Mark L. Hornsby. ECF No. 4. It was received in this district on May 31, 2017. ECF No. 5.

Grimes is confined at the Escambia County Jail in Pensacola, Florida. Affording his *pro se* action a generous construction, Grimes appears to complain that on an unspecified date an extradition and arrest warrant was issued by the Rockville, Maryland Police Department. The warrant was based on an incident report authorized by Montgomery County, Maryland Officer Roman naming Grimes a "prime suspect" who made a bomb threat. ECF No. 1, pp. 1-2 & 4. Grimes seeks an order compelling defendants, the majority of whom are employed in state courts in Maryland and California, to take a lie detector test. *Id.*, p. 5.

Eight Montgomery County, Maryland cases involving Grimes relate to traffic incidents occurring in 2016.[1] The docket also reflects that on February 26, 2017, a warrant was issued for Grimes on counts of arson/threat and making a false statement with regard to a destructive device. *See State v. Grimes*, Case No. 5D00368618 (District Court for Montgomery County), http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis. Further, examination of the Public Access to Court Electronic Records ("PACER") reveals that Grimes has filed hundreds of cases in the federal courts.

In *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436 (N.D. Cal.), United States District Court Judge Jeffrey S. White of the Northern District of California noted that "[o]n May 18, 2000, this Court informed [Grimes] that under the 'three-strikes' provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis* in federal court with civil actions filed while he is incarcerated." (citing *Grimes v. Oakland Police Dep't*, Civil Action No. CW-00-1100 (N.D. Cal.)). Judge White further observed that "in 2003 alone [Grimes'] failure to pay the full filing fee and to state cognizable claims for relief had resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436. at ECF No. 4. Similarly, in 2007, United States District Court Judge Claudia Wilken of the Northern District of California observed that "[t]he Court had routinely granted [Grimes]leave to amend to pay the full filing fee and to state cognizable claims

---

[1] The court has examined the court docket for Montgomery County, Maryland, which reflects Grimes was cited for several traffic violations, including the failure to display his license to uniform police on demand, driving without a required license and authorization, driving on a revoked out-of-state license, driving while license is suspended, driving on a suspended out-of-state license, failure to attach vehicle registration plates at front and rear, failure to display registration card upon demand by police, and driving without current registration plates and validation tabs. *State v. Grimes*, Citation Nos. 16PODHH, 16QODHH, 16RODHH, 16SODHH, 16TODHH, 16VODHH, 26WODHH, & 16XODHH (District Court For Montgomery County). *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

for relief but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *See Grimes v. Wan, et al,.* Civil Action No. CW (PR)-07-1726 (N.D. Cal.). In the Western District of Louisiana, the District Court noted that Grimes has "filed more than 350 complaints and appeals [, and] [t]hree or more of them have been dismissed as frivolous." *See Grimes v. Ms. Lewis, et al.,* Civil Action No. EEF-MLH-12-3159 (W.D. La.). The court takes judicial notice of these relevant and indisputable filings.

Under 28 U.S.C. § 1915(e), a prisoner is prohibited from filing a civil action if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Given Grimes' filing history in federal court, he is barred under § 1915(g) from filing prisoner complaints in forma pauperis unless he can aver that he is under imminent danger of serious physical injury. The instant complaint is rambling and incoherent, and Grimes does not allege that he is under imminent danger of serious physical injury. He is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee. Additionally, any complaint filed with an indigency application must establish that Grimes is in imminent danger of serious physical harm.

Accordingly, Grimes' motion to proceed in forma pauperis will be denied and his complaint will be dismissed without prejudice by separate Order.

Date: June 5, 2017 \_\_\_\_/s/_____
Paula Xinis
United States District Judge